UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Levon Mintz, ) | C/A No. 1:14-1149-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| South Carolina Department of Corrections; ) | |
| Sergeant James Smith III; and Sergeant Thomas ) | |
| Cooper, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Levon Mintz, filed this action in state court and the defendants removed it to this court on the basis that plaintiff was asserting federal constitutional claims under 42 U.S.C. § 1983. The plaintiff then filed a motion to remand and to amend his complaint to remove all allegations regarding violations of due process, equal protection, and Eighth Amendment rights.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the matter should be remanded to state court. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on August 18, 2014.  Neither party has filed objections and the time within which to do so has expired.   In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The defendants, in their response to plaintiff's motion to remand, indicate that if there are no federal civil rights claims being raised and that all claims are being brought pursuant to the South Carolina Tort Claims Act, then defendants agree to the remand.  As the Magistrate Judge notes in her Report, it is clear that the plaintiff seeks to pursue only state law claims.  Further, and pursuant to 28 U.S.C. § 1367(c)(3), this court declines to exercise supplemental jurisdiction over the remaining state law claims.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.  Accordingly, the plaintiff's motion to remand (ECF No. 13) is granted this action is remanded back to the Court of Common Pleas for Dorchester County, South Carolina.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 3, 2014
Columbia, South Carolina